## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **ADIB EDDIE RAMEZ MAKDESSI,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00049 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **COLLINS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Adib Eddie Ramez Makdessi, Pro Se Plaintiff; Debra M. Bryan and Richard C. Vorhis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants.*

The plaintiff, Adib Eddie Ramez Makdessi, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights at Red Onion State Prison by employees of the Virginia Department of Corrections (VDOC).  The court severed the unrelated claims in Makdessi's initial Complaint into multiple civil actions.  This case consists of Claim 6 from his initial submission as construed by the court.  Makdessi has also filed separate motions seeking interlocutory injunctive relief.  After review of the record, I will deny these motions.

In brief, Claim 6 alleges that on June 21, 2022, after learning that Makdessi was filing a lawsuit against him and others, Defendant Collins twisted Makdessi's

left shoulder, punched his neck and shoulder, and slammed him into a wall, before dragging him to a segregation unit shower where he remained for hours. Collins and others allegedly ignored Makdessi's requests for medical care. The Complaint also alleges that Collins searched Makdessi's cell and destroyed a lawsuit he had prepared. Makdessi contends that Collins took these actions to retaliate against him for filing a lawsuit against Collins and others. He also alleges that Collins threatened to reassign Makdessi to a nonhandicapped cell and to have someone beat him if he filed a lawsuit.

In Makdessi's first motion seeking interlocutory relief, he contends that on June 14, 2023, Collins allegedly retaliated against him for refusing to drop this lawsuit by (a) searching his cell and throwing away commissary items; (b) firing him from his prison job, as Collins had threatened to do in the past; and (c) by searching his cell and throwing away his four rolls of toilet paper, advising him to wipe himself with his legal paperwork. In the second motion seeking interlocutory relief, Makdessi alleges that unspecified VDOC officers delayed delivery of his legal mail for two to three weeks or more. The motion asks: "Are they deliberately dellaying [sic] my legal mail?" Mot., ECF No. 31.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d

14, 16 (4th Cir. 1997).  To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Id.* (internal quotation marks and citation omitted).  Makdessi fails to show that the concerns raised in his motions — that Collins threw away certain property items and fired him from his prison job, and that he did not timely receive legal mail — were caused by the excessive force and deliberate indifference to medical needs alleged in the underlying legal claims in this lawsuit.

Moreover, Makdessi fails to state facts showing that he faces irreparable harm in the absence of the court intervention he seeks.  "A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).  A party seeking a preliminary injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*

Makdessi's motions do not satisfy the four factors of the *Winter* test.  In short, he does not clearly establish a likelihood of irreparable harm in the absence of the requested court intervention.  He offers no evidence that he will suffer irreparable

harm if his property items are not restored, if he is not reinstated to his prison job, if mail delays continue, or if the court does not order the defendants to stop their alleged retaliatory actions against him.  Indeed, state officials have a constitutional obligation not to retaliate against inmates for exercising their constitutional right to pursue lawsuits.  *Hudspeth v. Figgins*, 584 F.2d 1345, 1347–48 (4th Cir. 1978). Moreover, Makdessi does not demonstrate that the equities between the parties tip in his favor or that the public interest would be served through court interference with the administration of prison job assignments, cell searches, mail delivery, or property confiscations.

For the stated reasons, I cannot find that Makdessi has clearly demonstrated that he is entitled to the preliminary injunctions for which he has moved.  Thus, it is **ORDERED** that his motions, ECF Nos. 27 and 31, are DENIED.

ENTER:  November 2, 2023

/s/  JAMES P. JONES
Senior United States District Judge